**ORIGINAL**

FILED

10/29/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0589

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0589

TIMOTHY EDWARD PETERSON,

Petitioner,

v.

JAMES SALMONSEN,
WARDEN, Montana State Prison·

Respondent.

**FILED**

OCT 2 8 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Timothy Edward Peterson has filed a Petition for Writ of Habeas Corpus alleging he is illegally incarcerated due to an illegal sentence because "the Thirteenth Judicial District Court for the County of Yellowstone lacked Subject Matter Jurisdiction to pronounce judgment and sentence on [him] in Cause No. DC-13-0884[.]" He reaches this conclusion because "the Thirteenth Judicial District Court did not have Subject Matter Jurisdiction to accept waiver of rights and plea, due to the court not granting the motion for Leave to File Amended Information." Peterson requests that this Court vacate his sentencing judgment and grant his immediate release from prison.

Available electronic documents indicate that on June 29, 2015, Peterson entered guilty pleas to two counts of felony sexual assault, pursuant to a plea agreement. The Yellowstone County District Court sentenced Peterson to the Montana State Prison for two concurrent terms of thirty years with fifteen years suspended. He did not appeal.

We have entertained Peterson's arguments previously. In August 2024, Peterson challenged the District Court's subject matter jurisdiction through a petition for a writ of supervisory control. We denied his request for relief, pointing out that his criminal case has been closed since January 12, 2016. We explained that the Montana Rules of Civil Procedure do not apply to criminal cases and thus, the rules cannot be used to re-open a

case. *Peterson v. Thirteenth Judicial Dist. Ct.*, No. OP 24-0511, Order (Mont. Sept. 17, 2024).

Peterson brings his claims too late and through the wrong remedy. Peterson cannot challenge his conviction through a writ of habeas corpus. Section 46-22-101(1), MCA. Peterson is precluded now in a writ of habeas corpus because he has exhausted the remedy of appeal by not appealing. Section 46-22-101(2), MCA. We conclude that Peterson is not entitled to his release, the dismissal of the sentencing judgment, and habeas corpus relief. His sentence is valid. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Peterson's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Timothy Edward Peterson personally.

DATED this 29th day of October, 2024.

_____
Chief Justice

_____

_____

_____
Justices

2